NIEMEYER, Circuit Judge,
dissenting from the denial of a stay pending appeal:
I would grant Gloucester County School Board’s motion for a stay pending appeal. See Long v. Robinson, 432 F.2d 977 (4th Cir. 1970); cf. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Facially, the district court conducted no - analysis required by Winter for the entry of a preliminary injunction, relying only on our earlier decision in this case. And under the balancing analysis prescribed by Long, I conclude that a stay is appropriate, based on the following:
1. The earlier groundbreaking decision of this court is, as I have noted previously, unprecedented. Indeed, it appears to violate the clear, unambiguous language of Title IX, which explicitly authorizes the provision of various separate facilities “on the basis of sex.” Moreover, the court’s decision applying deference under Auer v. Robbins, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), is questionable, and, even if deference were appropriate, it relies solely on a letter from the U.S. Department of Education, imposing an entirely new interpretation of “sex” in Title IX without the support of any law. In view of this, it is difficult to understand how the decision is sustainable.
2. By enforcing the injunction now, male students at Gloucester High School will be denied the separate facilities provided by the School Board on the basis of sex, as authorized by Congress, and thus will be denied bodily privacy when using the facilities, to the dismay of the students *608 and their parents. These consequences are likely to cause disruption both in the school and among the parents.
3. While I recognize the sensitivities of G.G.’s gender transition, I nonetheless conclude that he is unlikely to suffer substantial injury from a stay of the district court’s injunction, particularly because the School Board has constructed three unisex bathrooms to accommodate any person who feels uncomfortable using facilities separated on the basis of sex.
4. The public interest in a final and orderly resolution of G.G.’s claims before enforcement of this court’s decision is served by a stay pending appeal. The changes that this injunction would require—and that the Department of Justice and Department of. Education now seek to impose nationwide on the basis of our earlier decision—mark a dramatic departure from the responsibilities local school boards have heretofore understood and the authorizations that Congress has long provided. These school boards and the communities they serve would benefit from the thoughtful and final disposition of G.G.’s claims, and from ultimate guidance from the Supreme Court or Congress, before having to undertake these sweeping reforms.
In short, I conclude that the Gloucester County School Board has adequately made its case for a stay pending appeal, and I would grant its motion for such a stay.